IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL CASE NO. 3:21-cv-00254-MR

| | |
|---|---|
| RAHEEM K. FULLER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | |
| R. CLARK, et al., ) | **ORDER** |
| ) | |
| Defendants. ) | |
| _____ ) | |

**THIS MATTER** is before the Court on the Plaintiff's pro se Motion to Compel [Doc. 27].

The incarcerated Plaintiff, proceeding pro se, filed this action pursuant to 42 U.S.C. § 1983 addressing the circumstances of his arrest. [Doc. 1]. The Complaint passed initial review against Defendants Clark and Hildebrand for the use of excessive force. [Doc. 12]. The discovery cutoff date was March 29, 2022, and the deadline to file dispositive motions is April 28, 2022. [See Doc. 22].

The Plaintiff filed the instant Motion to Compel before the discovery cutoff date, arguing that the Defendants had failed to comply with his discovery requests. [Doc. 27]. The Defendants filed a Response arguing that the Motion to Compel should be denied because: Plaintiff failed to confer

with Defendants before filing the Motion to Compel; a Motion for Protective Order was pending at the time the Plaintiff filed his Motion, rendering the Motion to Compel duplicative; and Defendants were in the process of supplementing its original discovery to include items that are deemed confidential pursuant to the Protective Order. [Doc. 30; see Doc. 29 (Protective Order)]. The Plaintiff subsequently filed a Declaration of Compliance pursuant to the Protective Order. [Doc. 31].

The Plaintiff does not certify in the Motion to Compel that he attempted in good faith to resolve the discovery dispute before engaging the Court's assistance. The lack of certification alone warrants the denial of the Motion. See Fed. R. Civ. P. 37(a)(1); see also LCvR 7.1(b) (a non-dispositive civil motion "must show that counsel have conferred and attempted in good faith to resolve areas of disagreement or describe the timely attempts of the movant to confer with opposing counsel;" motions that fail to do so "may be summarily denied."). Moreover, the entry of the Protective Order has rendered the Motion to Compel moot. It is, therefore, denied.

**IT IS, THEREFORE, ORDERED** that the Plaintiff's Motion to Compel [Doc. 27] is **DENIED**.

**IT IS SO ORDERED.**

Signed: April 1, 2022

Martin Reidinger
Chief United States District Judge